ORDERED.

Dated: March 01, 2022

_____
Roberta A. Colton
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| OMKAR HOTELS, INC. | : Chapter 11 |
| | : Case No. 3:21-bk-01418-RCT |
| Debtor. | : |

## ORDER (i) CONFIRMING MODIFIED SUBCHAPTER V PLAN OF REORGANIZATION OF DEBTOR OMKAR HOTELS, INC. DATED SEPTEMBER 21, 2021; (ii) SCHEDULING A STATUS CONFERENCE FOR APRIL 7, 2022; AND (iii) SETTING RELATED PLAN CONFIRMATION DEADLINES

The *Subchapter V Plan of Reorganization of Debtor Omkar Hotels, Inc.* filed by the Debtor on September 21, 2021 (Dkt. 81) (as modified by the First Modification at Dkt. 153) (the "**Plan**") was transmitted to all creditors, interest holders, and parties-in-interest; after proper notice, the Court conducted a confirmation hearing on the Plan that took place on January 10, 2022, January 14, 2022, and February 15, 2022; upon the record of the confirmation hearing (including an evidentiary proffer made by Debtor's counsel without objection or cross-examination); the Plan confirmation objections filed by the United States Trustee (Dkt. 95), The Cadle Company II, Inc. (Dkt. 94), and the U.S. Small Business Administration (Dkt. 105) being

resolved in accordance with the Debtor's *First Modification* (Dkt. 153), as stated herein, and as evidenced by the signatures of such parties' respective undersigned counsel; and sufficient cause appearing, the Court has determined that the Plan (as modified) satisfies all of the applicable confirmation requirements in 11 U.S.C. § 1191. Therefore,

**IT IS HEREBY ORDERED THAT**:

1. Capitalized terms in this Order shall, unless defined herein, have the meaning ascribed to them in the Plan.

2. The Plan, as modified, is CONFIRMED on a non-consensual basis.

3. As announced during the hearing on confirmation of the Plan, the default provisions of the Plan are without prejudice to the Subchapter V Trustee's rights and obligations under the Bankruptcy Code, which rights and obligations shall continue until such time as the Subchapter V Trustee's role as Trustee is terminated by order of this Court.

4. A status conference in this case shall be held on **April 7, 2022 at 3:00 p.m.** before the Honorable Roberta A. Colton at Bryan Simpson United States Courthouse, 300 North Hogan Street, 4th Floor, Courtroom 4C, Jacksonville, Florida 32202 and pursuant to the Court's Telephonic Hearing Requirement, those parties wishing to participate should arrange a telephonic appearance through Court Solutions (www.court-solutions.com).

5. In accordance with 11 U.S.C. § 1194(b), the Debtor shall be responsible for making all payments and other distributions required under the Plan.

6. As provided in the Plan, the Court sets the following deadlines. If there is a conflict between the Plan and this Order, then this Order shall be deemed a modification of the Plan and shall control:

a. **Bar Date for Certain Administrative Claims**. The Bar Date for filing a motion seeking allowance of Administrative Claims *other than* (1) a Fee Claim, (2) a Post-petition Obligation incurred and payable in the ordinary course of business by the Debtor (*but excluding* personal injury claims and unliquidated claims, the holders of which personal injury and unliquidated claims must seek allowance thereof under this paragraph 5(a)), (3) statutory fees payable pursuant to 28 U.S.C. § 1930 (if any), (4) an Administrative Claim that has been Allowed on or before the Effective Date, and (5) a Cure Cost Claim, is **sixty (60) days following the entry of this Order** (the "**Administrative Bar Date**"). **All such motions (each a "Request for Payment") must be filed with the Clerk of Court at United States Bankruptcy Court for the Middle District of Florida, at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202**; be served on the Debtor's counsel at G. Daniel Taylor, Stone & Baxter, LLP, 577 Mulberry Street - Suite 800, Macon, Georgia 31201; counsel for the United States Trustee at Scott Bomkamp at George C. Young Federal Building and Courthouse, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, and the Subchapter V Trustee, Jerrett McConnell, Esq., McConnell Law Group, 6100 Greenland Road, Unit 603, Jacksonville, Florida 32258; and comply with all of the requirements of F.R.B.P. 9014 respecting a contested matter. Any Request for Payment must include at a minimum (a) the name and address of the holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim. **Failure to File and serve a Request for Payment timely and properly shall result in the Administrative Claim being forever barred and discharged**. Objections to any Request for Payment by any party-in-interest must be filed by the Reorganized Debtor and served on the requesting party within 30 days after the filing of the applicable Request for Payment. **The holders of Administrative Claims enumerated in (2) through (5) above in this paragraph 5(a) shall not be required to file a Request for Payment**

**of their Administrative Claims and shall be paid as specified in the Plan.** Within fourteen days after the entry of this Order, the Reorganized Debtor shall cause to be published a Notice of Administrative Bar Date in the *Florida Times-Union*, the designated newspaper for publications of legal advertisements in Duval County, Florida, once a week for four consecutive weeks on the usual dates of publications of legal advertisements in such newspaper, which notice shall, in addition to the notice required in this Order, be adequate notice to the holders of any such claims of the Administrative Bar Date.

      b.      **Bar Date for Fee Claims**. Notwithstanding any provision of the Plan to the contrary, Professionals or other entities asserting a Fee Claim, other than the Subchapter V Trustee, against the Debtor for services rendered before the entry date of this Confirmation Order (the "**Confirmation Date**") must file and serve on counsel for the United States Trustee at Scott Bomkamp at George C. Young Federal Building and Courthouse, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, and on the Subchapter V Trustee, Jerrett McConnell, Esq., McConnell Law Group, 6100 Greenland Road, Unit 603, Jacksonville, Florida 32258; and such other entities who are designated by the Bankruptcy Code or the Bankruptcy Rules, an application for final allowance of such Fee Claim, for any claims of fees and expenses incurred prior to the Confirmation Date, no later than <u>**30 days after entry of this Confirmation Order**</u>. **Failure to file timely and serve an application for a particular Fee Claim shall result in such Fee Claim being forever barred and discharged**. The Subchapter V Trustee shall file his final Fee Claim within fourteen (14) days following Debtor's filing of its motion for a final decree.

      c.      **Bar Date for Rejection Claims**. Each person who is a party to an Executory Contract or unexpired lease that is rejected by the Debtor, including those rejected under the Plan

(if any), must file, by not later than **30 days after entry of this Confirmation Order**, a Proof of Claim for any Rejection Claim or be forever barred. **A copy of such Proof of Claim shall be filed with the Clerk of Court at Clerk of Court at United States Bankruptcy Court for the Middle District of Florida, at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202**; be served on the Debtor's counsel at G. Daniel Taylor, Stone & Baxter, LLP, 577 Mulberry Street - Suite 800, Macon, Georgia 31201 and on the Subchapter V Trustee, Jerrett McConnell, Esq., McConnell Law Group, 6100 Greenland Road, Unit 603, Jacksonville, Florida 32258. If a party to an Executory Contract or unexpired lease, if any, has a question about the status of such agreement, then such party should contact Debtor's counsel using the contact information listed in the signature block below.

    d.    **Bar Date for Claims Objections**. Notwithstanding any provision of the Plan to the contrary, the Bar Date for filing objections to claims shall be **sixty (60) days after the entry of this Order**.

    7.    This Confirmation Order shall be effective as of the date and time of its entry in accordance with Bankruptcy Rule 3020(e).

    8.    Counsel for the Debtor shall serve a copy of this Confirmation Order on (a) all creditors and parties set forth on the Court's master mailing matrix for this case and (b) all parties to any Executory Contract. Counsel for the Debtor shall file a Certificate of Service for the same showing service upon all creditors and parties-in-interest within three days after entry of this Order.

**END OF DOCUMENT**

    **Attorney G. Daniel Taylor is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the Order.**

G:\CLIENTS\Omkar Hotels Inc\Plan\Confirmation Order\Confirmation Order (Final for Upload).doc